ACCEPTED
14-15-00718-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 2:09:24 PM
CHRISTOPHER PRINE
CLERK

# FOURTEENTH COURT OF APPEALS
## CIVIL APPEAL MEDIATION DOCKETING STATEMENT

### RETURN WITHIN 15 DAYS TO:

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

### CLERK, FOURTEENTH COURT OF APPEALS
9/8/2015 2:09:24 PM
### 301 FANNIN, ROOM 245; HOUSTON, TEXAS 77002
CHRISTOPHER A. PRINE
Clerk

***For Civil Appeals, see Section V for information about the Pro Bono Program sponsored and administered by the Pro Bono Committees of the Appellate Practice Sections of the State Bar of Texas and the Houston Bar Association.

---

**I.      General Information:**

| | |
|---|---|
| Appellant(s): Adrience Sibley | Appellate Cause No.: 14-15-00718-CV |
| | Trial Ct. Cause No.: CI509797 |
| Appellee(s): Seminole Pipeline Company, LLC, Enterprise Products Operating, LLC, TDW Services, Inc., and First Call Field Services, INc.. | County: Brazoria |
| Other: | Trial Court: County Court at Law #3, Hon. Jeremy Warren, presiding |

---

**II.      Timetable:**

Appeal stayed by bankruptcy.   Date bankruptcy filed: N/A

List:     name of bankruptcy court:

          bankruptcy case number:

          style of bankruptcy filing:

---

**III.      Jurisdiction:**

| Will you challenge this court's jurisdiction? | No ☐ | Yes   Most likely |
|---|---|---|

## IV. Indigency Of Party (TRAP 32.1(k)): (Attach file-stamped copy of affidavit)

| Event | Filed Check as appropriate | | Date | N/A |
|---|---|---|---|---|
| Affidavit filed | No ☐ | Yes ☐ | | |
| Contest filed | No ☐ | Yes ☐ | | |
| Date ruling on contest due: | | | | |
| Ruling on contest: Sustained ☐    Overruled ☐ | | | | |

## V. Pro Bono Pilot Program:

The Pro Bono Committees of the Appellate Practice Sections of the State Bar of Texas and the Houston Bar Association are participating in a Pro Bono Program to place a limited number of civil appeals with appellate counsel who will represent the appellant/appellee in the appeal before the Fourteenth Court of Appeals.

The Pro Bono Committee is solely responsible for screening and selecting the civil cases for inclusion in the Pilot Program based upon a number of discretionary criteria, including the financial means of the appellee. If a case is selected by the Committee, and can be matched with appellate counsel, that counsel will take over representation of the appellee without charging legal fees. More information regarding this program can be found in the *Pro Bono Pilot Program Pamphlet* available in paper form at the Clerk's Office or on the Internet at http://www.tex-app.org and http://www.hba.org/folder-sections/sec-appellate.htm. If your case is selected and matched with a volunteer lawyer, you will receive a letter from the Pro Bono Pilot Committee within thirty (30) to forty-five (45) days after submitting this Docketing Statement.

**NOTE: There is no guarantee that, if you submit your case for possible inclusion in the Pro Bono Program, the Pro Bono Committee will select your case and that pro bono counsel can be found to represent you. Accordingly, you should not forego seeking other counsel to represent you in this proceeding. By signing your name below, you are authorizing the Pro Bono Committee to transmit publicly available facts and information about your case, including parties and background, through selected Internet sites and a Listserv to its pool of volunteer appellate attorneys.**

1.      Do you want this case to be considered for inclusion in the Pro Bono Pilot Program?

                Yes ☐            No  X

If you answered "Yes" to Question V.1, then please answer the following questions.

2.      Do you authorize the Pro Bono Committee to contact your trial counsel of record in this matter to answer questions the committee may have regarding the appeal? Please note that any such conversations would be maintained as confidential by the Pro Bono Committee and the information used solely for the purposes of considering the case for inclusion in the Pro Bono Program.

                Yes ☐            No ☐

3.      If you have not previously filed an affidavit of indigency and attached a file-stamped copy of that affidavit, does your income exceed 200% of the U.S. Department of Health and Human Services Federal Poverty

Guidelines? These guidelines can be found in the *Pro Bono Program Pamphlet* as well as on the Internet at http://aspe.hhs.gov/poverty/06poverty.shtml.

Yes ☐          No ☐

4.       Are you willing to disclose your financial circumstances to the Pro Bono Committee? If so, please attach an Affidavit of Indigency completed and executed by the appellee. Forms may be found in the Clerk's Office or on the Internet at http://www.tex-app.org and http://www.hba.org/folder-sections/sec-appellate.htm. Your participation in the Pro Bono Pilot Program may be conditioned upon your execution of an affidavit under oath as to your financial circumstances.

Yes ☐          No ☐

5.       Give a brief description of the issues to be raised on appeal, the relief sought, and the applicable standard of review, if known (without prejudice to the right to raise additional issues or request additional relief; use a separate attachment, if necessary).

## VI.      Alternative Dispute Resolution/Mediation (if applicable)

Instructions: This information will be used in conjunction with the Rule 32.1 docketing statement to evaluate your case for possible referral to an alternative dispute resolution procedure. *See* TEX. R. APP. P. 32.1. The court will not consider your answers if the case is submitted on the merits. Each party (except where noted) must complete and file a completed docketing form in the Court of Appeals after the appeal is perfected.

Check Y for yes or N for no. Fill in all blanks or check appropriate boxes.

1.       Should this case be referred to mediation? Yes ☐   No X (use additional sheets if necessary)

If no, why? Appellant has proven to be a vexatious litigant who lacks a legitimate claim against any of the Appellees, and has repeatedly harassed Appellees and intentionally delayed the resolution of the case by filing, among other things, 2 notices of removal (the second of which was based on a fraudulent assertion of Appellant's residency in Mississippi), 3 motions to recuse, and 3 petitions for writ of mandamus – all of which were denied, in some instances, sanctioned. Seminole Pipeline anticipates that Appellant will fail to make payment arrangements for the clerk's record and the reporter's record, will not supersede the judgment against her, and will fail to respond to post-judgment discovery.

(The court makes the final decision regarding referral of a case to mediation)

2.       Has this case been through an ADR procedure in the trial court? Yes ☐   No X

If you answered yes:

a.       Who was the mediator?

b.       What type of ADR procedure?

c.       At what stage did the case go through ADR?

        pre-trial       trial       post-trial       other _____

3.      Rate the case for complexity. Use 1 for the least complex and 5 for the most complex. Check one:

1 X     2 ☐     3 ☐     4 ☐     5 ☐

## VII.      Signature:

_____     Date: 9/4/15
Signature of counsel (or pro se party)            State Bar No.: 00796580

Printed Name: James A. Freeman

Address: 1135 Heights Blvd., Houston, Texas 77008

Email Address: jfreeman@zflawfirm.com

Telephone Number: (713) 802-9117

Facsimile Number: (713) 802-9114

Representing: (Appellant/Appellee) Appellants Seminole Pipeline Company, LLC and Enterprise Products Operating, LLC